**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0460n.06
Filed: August 1, 2008

**No. 04-4497**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID JACK HANNUM, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: DAUGHTREY, GILMAN, and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.** This case is part of a consolidated appeal involving thirteen defendants who were members of the Outlaw Motorcycle Club ("OMC"), an international motorcycle club with chapters across the country and around the world. In 1997, the Federal Bureau of Investigation and state law enforcement agencies began an investigation into the Green region of the OMC, which consists of chapters in Dayton, Ohio; Fort Wayne, Indiana; Louisville, Kentucky; Indianapolis, Indiana; and Oklahoma City, Oklahoma. As a result of the investigation, a grand jury in the Northern District of Ohio returned a 40-count indictment in 2003 charging the defendants with various offenses, including Racketeer Influenced and Corrupt Organizations Act ("RICO"), drug trafficking, and firearms offenses. The defendants were tried before an anonymous jury.

Defendant David J. Hannum was the president of the OMC chapter in Dayton, Ohio. He was convicted of two offenses: (1) RICO conspiracy in violation of 18 U.S.C. § 1962(d); and (2) conspiracy to possess with intent to distribute narcotics in violation of 21 U.S.C. § 846. The special verdict handed down by the jury found that he was responsible for at least 500 grams, but less than 5 kilograms, of cocaine. At the sentencing hearing, the district court determined Hannum's base offense level to be 26, and Hannum's counsel agreed that was the appropriate level. The district court then added a two-level enhancement based on the district court's finding that Hannum had been a supervisor in the criminal enterprise. After determining his final offense level to be 28, the district court sentenced Hannum to 90 months in prison. The district court then went on to explain that it would have applied the same sentence under an advisory Guidelines regime.

On appeal, Hannum makes two arguments.[1] First, he contends that his two-level enhancement for playing a supervisory role in the criminal enterprise was improper because it was the result of judicial fact-finding. Second, he claims that Count 2 of the indictment presents a legally insufficient charge of RICO conspiracy because it fails to establish a nexus between Hannum and two or more predicate crimes. Both of these arguments are unavailing.

As to his first argument, Hannum contends that his Sixth Amendment right to a trial by jury was violated by the imposition of a two-level "supervisor" enhancement based solely on factual

---

[1]Hannum also adopts the arguments of his co-appellants to the extent that they apply to him. As the reasons for rejecting these arguments have been given in our opinions regarding the respective co-defendants, we do not address those arguments here.

findings made by the district court. Hannum argues that this enhancement could have been applied only if he had admitted to being a supervisor of the criminal enterprise or if the jury had found that fact. This argument is plainly wrong. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), it is clear that such judicial fact-finding is permissible under an advisory Guidelines regime. *See id.* at 259. It is true that Hannum was sentenced prior to *Booker*, at a time when the mandatory Guidelines regime was still in place. However, the district court foresaw the outcome in *Booker* and appropriately circumvented any Sixth Amendment violations by imposing an identical alternative sentence under an advisory Guidelines regime. Therefore, Hannum's sentence will not be vacated on the basis of impermissible judicial fact-finding. *See United States v. Winkle*, 477 F.3d 407, 420 (6th Cir. 2007) (quoting *United States v. Till*, 434 F.3d 880, 886 (6th Cir. 2006)).

To the extent that Hannum's argument can also be construed as challenging the sufficiency of the evidence behind the two-level "supervisor" enhancement, it is also wrong. The district court's factual finding with respect to Hannum's supervisory role can only be reversed if it was clearly erroneous, *see United States v. Tatum*, 518 F.3d 369, 372 (6th Cir. 2008), but Hannum has not placed any doubt on the district court's finding. To the contrary, the evidence unequivocally supports the district court's application of the enhancement. Hannum's leadership role is demonstrated by testimony that he was the president of the OMC chapter in Dayton, Ohio, as well as by testimony that he controlled the supply of methamphetamine to other OMC members in the Dayton area.

Lastly, Hannum's argument with respect to the legal sufficiency of Count 2 of the indictment is also without merit. Count 2 charges Hannum with RICO conspiracy. A legally sufficient indictment is one that "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Count 2 of the indictment satisfies this standard. First, it undeniably informs the defendant of the charge against him. Additionally, it sets out the objective of the conspiracy, the dates of the conspiracy, and the means and method of the conspiracy by incorporating the relevant parts of Count 1, which alleged a substantive RICO violation against several of Hannum's co-defendants. In doing so, Count 2 provides a basis for a Double Jeopardy defense if Hannum is prosecuted for the same offense in the future. Finally, Count 2 also contains the elements of the offense charged. A RICO conspiracy offense requires proof that the defendant "intended to further 'an endeavor which, if completed, would satisfy all of the elements of a substantive [RICO] criminal offense [and] it suffices that he adopt the goal of furthering or facilitating the criminal endeavor.'" *United States v. Saadey*, 393 F.3d 669, 676 (6th Cir. 2005) (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)). These elements were sufficiently averred through Count 2's allegations that each defendant agreed "to conduct and participate, directly and indirectly, in the conduct of the affairs of the OMC enterprise through a pattern of racketeering activity," and that "each defendant agreed that a conspirator would commit at least two acts of racketeering . . . ."

For the foregoing reasons, Hannum's convictions and sentence are AFFIRMED.